**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**OCTAVIA C. DUHANEY**                                   **CIVIL ACTION**

**VERSUS**                                                       **NO.  06-3518**

**MARLIN GUSMAN (CHIEF SHERIFF),**          **SECTION "N" (4)**
**BOARD OF COMMISSIONERS -**
**ORLEANS PARISH**

## O R D E R

The *pro se* plaintiff, Octavia C. Duhaney, filed a Motion to Amend Complaint (Rec. Doc. No. 17) in which she seeks to file an Amended Complaint.  While this motion was pending, Sheriff Marlin Gusman, the only served defendant, filed an "Answer and Defenses Amended Complaint" (Rec. Doc. No. 18).

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings.  It provides that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so.  *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.,* 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the Trial Court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the Trial Court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971).

In this case, the only properly served defendant has chosen to file a substantive responsive pleading to the proposed Amended Complaint. The Court will take this to mean that the defendant has no opposition to the Motion to Amend and has waived service. For this reason, the Motion to Amend will be granted.

The Court further notes that Sheriff Gusman previously filed a Motion for Judgment on the Pleadings (Rec. Doc. No. 14), in which he sought dismissal of the plaintiff's claims as urged in the original Complaint (Rec. Doc. No. 1). In light of the Amended Complaint, and Sheriff Gusman's "Answer and Defenses Amended Complaint," the Court will dismiss the pending Motion for Judgment on the Pleadings without prejudice to the defendant's ability to urge the motion, if appropriate, to incorporate the claims raised in the Amended Complaint. Accordingly,

**IT IS ORDERED** that Duhaney's **Motion to Amend Complaint (Rec. Doc. No. 17)** is **GRANTED**.  The **Clerk of Court** is **ORDERED** to file and docket a copy of Rec. Doc. No. 17 as the plaintiff's Amended Complaint.  The Clerk need not issue summons in light of the fact that the defendant has already answered the Amended Complaint.

**IT IS FURTHER ORDERED** that Sheriff Gusman's **Motion for Judgment on the Pleadings (Rec. Doc. No. 14)** is **DISMISSED WITHOUT PREJUDICE**.  The defendant can re-file the motion, if appropriate, in light of the claims raised in the Amended Complaint.

New Orleans, Louisiana, this ____25th____ day of April, 2007.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3