UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OCTAVIA C. DUHANEY | CIVIL ACTION |
| VERSUS | NO. 06-3518 |
| MARLIN GUSMAN (CHIEF SHERIFF), BOARD OF COMMISSIONERS- ORLEANS PARISH | SECTION "N"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Factual Background**

The plaintiff, Octavia C. Duhaney ("Duhaney"), was a federal inmate housed in the Conchetta Women's Facility within the Orleans Parish Prison system ("OPP") at the time of Hurricane Katrina. Duhaney filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and the Board of Commissioners for the Orleans Parish Prison seeking to recover damages.

Duhaney has filed an original and amended complaint which set forth the same claims. She alleges that the defendants failed to evacuate her and the other prisoners when the City of New Orleans was under a state of mandatory evacuation in anticipation of the Hurricane Katrina.

She further alleges that, due to the defendants' lack of action, she along with the other inmates suffered severe mental distress and were denied water, food, and basic human necessities, including fresh air. Duhaney also alleges that she and other inmates suffered, not knowing if they would be rescued or protected from the violence of other inmates. She complains that there was a general indifference to her welfare, health, and safety. Although she does not allege any physical injury, she alleges that she was forced to sit in a garbage infested area, with ants, and at gunpoint for four hours before they were permitted to board buses.

She alleges that she was ultimately transported to Elayn Hunt Correctional Center and the Louisiana State Penitentiary, before her transfer to a federal facility in Houston, Texas. She alleges that she is entitled to monetary compensation for the mental anguish and emotional distress she suffered due to the negligence of the defendants.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.   Analysis**

   **A.   Sheriff Gusman**

Duhaney complains that the evacuation process during Hurricane Katrina was not timely and was negligently performed. As a result, she claims that she was left in the hot prison without food, medical attention, and drinking water for a couple of days. She contends that the manner and timing of the evacuation was cruel and unusual punishment and constituted negligence, which caused her to suffer mental anguish and emotional distress.

The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). "[C]onditions that cannot

be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980). In addition, an official is deliberately indifferent to an inmate's safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

In this case, neither of the plaintiff's complaints set forth any personal involvement by Sheriff Gusman. Duhaney's allegations also confirm that she was successfully removed from OPP after the Hurricane, albeit under harsh circumstances.

It is not enough for recovery under § 1983 for Gusman to have been in a supervisory role at the time. Instead, supervisory liability may exist "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a

repudiation of constitutional rights and is the moving force of the constitutional violation."

*Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987).  An official policy is:

> 1.  a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [government entity] ... or by an official to whom the [entity] ha[s] delegated policy-making authority; or
>
> 2.  A persistent, widespread practice of ... officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [the entity's] policy.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992).  A plaintiff may also establish a custom or policy based on an isolated decision made in the context of a particular situation if the decision was made by an authorized policymaker in whom final authority rested regarding the action ordered.  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).  Duhaney does not allege that there was a policy established by Sheriff Gusman which deprived her of her constitutional rights during this unprecedented emergency which forms the basis of her complaint.

Therefore, without some personal and intentional action or policy by Sheriff Gusman, Duhaney's claims are frivolous and otherwise fail to state a claim for which relief can be granted.

### B.  Board of Commissioners-Orleans Parish

Duhaney also filed suit against the Board of Commissioners - Orleans Parish.  She does not set forth any specific allegations against the Board except to allege that the entity existed when the City of New Orleans awaited Hurricane Katrina.  Further, the Court has perused the Louisiana Revised Statutes and has been unable to locate an entity known as the Board of Commissioners for

the Parish of Orleans.[1] As no such entity exists, judgment can hardly be rendered against it on plaintiff's claim. Duhaney fails to state a claim upon which relief may be granted because this entity does not exist or have the capacity to be sued as contemplated by Fed. R. Civ. P. 17(b).

**IV.   Recommendation**

It is therefore **RECOMMENDED** that the plaintiff's § 1983 claims against the defendants, Sheriff Marlin Gusman and the Board of Commissioners-Orleans Parish be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  20th  day of  March , 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court located the following boards or commissioners related to Orleans Parish: the Orleans Parish Board of Election Supervisors, La. Rev. Stat. Ann. § 18:423; the Commissioners of Magistrate Section, Orleans Parish Criminal District Court, La. Rev. Stat. Ann. § 13:1347; and the Board of Commissioners of the Port of New Orleans, La. Rev. Stat. Ann. § 34:21. No other entities with a name similar to that of the defendant named by Duhaney is listed in the indexes to the Louisiana Revised Statutes. Moreover, the entities referred to above are not empowered to administer or control the Orleans Parish Criminal Sheriff or the Orleans Parish Prison system.