UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OCTAVIA C. DUHANEY | CIVIL ACTION |
| VERSUS | NO. 06-3518 |
| MARLIN GUSMAN (CHIEF SHERIFF), BOARD OF COMMISSIONERS-ORLEANS PARISH | SECTION "N"(4) |

**REPORT AND RECOMMENDATION**

On February 2, 2009, the District Judge referred this matter to the undersigned United States Magistrate Judge for consideration of the Plaintiff, Octavia C. Duhaney's Second Amended Complaint (Rec. Doc. No. 25) pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.     Factual and Procedural Background**

As summarized in full in the prior Report and Recommendation (Rec. Doc. No. 22), the Plaintiff, Octavia C. Duhaney ("Duhaney"), was a federal inmate housed in the Conchetta Women's Facility within the Orleans Parish Prison system ("OPP") at the time Hurricane Katrina struck the New Orleans area in August 2005. Duhaney filed a *pro se* and *in forma pauperis* Complaint pursuant to Title 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and the

Board of Commissioners - Orleans Parish Prison, seeking to recover damages as a result of the conditions of her confinement in OPP during and after the storm.

On March 20, 2008, the undersigned issued a Report and Recommendation recommending that the claims raised in Duhaney's original Complaint and her similar Amended Complaint (Rec. Doc. No. 21) against Sheriff Gusman and the Board of Commissioners - Orleans Parish be dismissed with prejudice as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e. While the Report and Recommendation was awaiting review by the District Judge, on May 8, 2008, Duhaney submitted a Second Amended Complaint (Rec. Doc. No. 25), without seeking leave of Court, raising claims arising from the conditions of her confinement at the Federal Detention Center in Houston, Texas ("FDC-Houston").

Specifically, Duhaney alleges that she was transferred to the FDC-Houston in September of 2005 from the Louisiana State Penitentiary in Angola, Louisiana. There, she was given a chest x-ray which showed a spot on her lung. She claims that after Hurricane Katrina in August of 2005, she began experiencing shortness of breath, chest congestion with a burning sensation, and upper and lower back pains. She also claims to have a knot in her abdomen close to her "umblical area."

Duhaney further alleges that she suffered an injury to her left knee when she fell on railroad tracks while walking through murky waters near Interstate 10 after Hurricane Katrina. She alleges that she continues to have popping and pressure in her knee, which also locks-up occasionally.

She further claims that she has been requesting her medical records from the FDC-Houston officials to no avail. She states that the procedure in the FDC-Houston to see a medical doctor is to file a sick call request. She claims that she has done so on numerous occasions, however, the

medical unit and staff are too limited to do further testing and diagnosis. She does not indicate the relief she seeks.

On February 2, 2009, the District Judge adopted the prior Report and Recommendation, over Duhaney's objections, and dismissed the claims against Sheriff Gusman and the Board of Commissioners - Orleans Parish as frivolous and otherwise for failure to state a claim for which relief can be granted. In that same Order, the Court referred the matter back to the undersigned Magistrate Judge for "consideration of the inadequate treatment and care for her injuries and health condition at the federal detention center at which she was being held . . .."[1] For the following reasons, the claim raised in the Second Amended Complaint should also be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## II.    Standard of Review for Frivolousness

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper*

---

[1] Rec. Doc. No. 31.

*v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### III.   Analysis

Duhaney does not allege against whom she intends to urge these new claims. All of the claims appear to be related to her inability to obtain medical attention at FDC-Houston. The FDC-Houston was not a party to the original suit, and Duhaney does not directly seek to add that facility as a Defendant. Nevertheless, whether Duhaney seeks to add the FDC-Houston as a defendant or to urge the claims against the previous Defendants, Gusman and the Board of Commissioners - Orleans Parish, her Second Amended Complaint is frivolous and otherwise fails to state a claim for which relief can be granted.

#### A.   FDC-Houston

The United States Supreme Court has held that § 1983 does not provide a remedy against a federal agency or officer. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971). Instead, a petitioner can maintain a similar claim against a federal employee accused of violating his federal constitutional rights. Such a claim is now generally referred to as a *Bivens* action. The Court, therefore, would only be able to address Duhaney's claims against a

4

federal defendant pursuant to *Bivens* and related cases. *See Witherspoon v. White*, 111 F.3d 399, 400 n.1 (5th Cir. 1997) (*citing Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994)).

A *Bivens* claim, however, is available <u>only</u> against government officers in their individual capacities in order to deter future civil rights violations by such individuals. *Williams v. U.S. Dept. of Agriculture*, 815 F.2d 368, 380 (5th Cir. 1987). The Supreme Court has held that there can be <u>no</u> *Bivens* cause of action against the United States Government, a federal agency, or government officers in their official capacities, because the deterrent effect on the individual would be lost. *FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994). Duhaney has not named an individual officer in this Complaint.[2]

Instead, she mentions only the FDC-Houston. It is well settled that a federal prison, like the FDC-Houston, is not a legal entity amenable to suit. *See Christy v. Federal Bureau of Prisons*, No. Civ. A. 09-3044, 2009 WL 961388 at *2 (D. Kan. Apr. 8, 2009) (U.S.P.- Leavenworth is not legal entity suable under civil rights) (*citing Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)); *White v. Francis*, No. Crim. 1:07CV32, 2008 WL 2705102 at *1 (N.D. W.Va. Jul. 9, 2008) (FCI-Gilmer is not a person amenable to suit) (*citing Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)); *Nolan v. Hamidullah*, No. CIVA4071141, 2007 WL 1726447 (D.S.C. Jun. 12, 2007) (Estill Federal Correctional Institution is not a proper party in a <u>Bivens</u> action); *Tolliver v. Edgefield Corr. Inst.*, No. 0:060903, 2006 WL 1391447 (D.S.C. May 16, 2006) (FCI-Edgefield is not a person for purposes of a <u>Bivens</u> action). Therefore, any claim against this federal prison facility is frivolous and fails to state a claim upon which relief can be granted.

---

[2]To the extent Duhaney may desire to bring civil rights claims against some individual at the prison in Houston, she should do so in a more appropriate venue since the Louisiana defendants have been or are being dismissed from this suit.

B. **Sheriff Gusman**

Duhaney's amended claims address the circumstances of her medical care at FDC-Houston. She has not alleged any connexity between the conditions in that prison and Sheriff Gusman in Louisiana. As addressed fully in the prior Report and Recommendation, proof of an individual defendant's personal involvement in the alleged wrong is a prerequisite to his liability on the claim for damages under § 1983. A state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980). In addition, an official is deliberately indifferent to an inmate's safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Duhaney has failed again to allege any personal involvement or deliberate indifference on the part of Sheriff Gusman in connection with her medical treatment at the federal prison in Houston, Texas. Therefore, Duhaney's claims are frivolous and otherwise fail to state a claim for which relief can be granted.

C. **Board of Commissioners-Orleans Parish**

As also addressed in the prior Report and Recommendation, there is no such entity as the Board of Commissioners for the Parish of Orleans.[3] As no such entity exists, judgment can not be

---

[3] As mentioned in the prior report, the Court perused the Louisiana Revised Statutes and located the following boards or commissioners related to Orleans Parish: the Orleans Parish Board of Election Supervisors, La. Rev. Stat. Ann. § 18:423; the Commissioners of Magistrate Section, Orleans Parish Criminal District Court, La. Rev. Stat. Ann. § 13:1347; and the Board of Commissioners of the Port of New Orleans, La. Rev. Stat. Ann. § 34:21. No other entities

rendered against it on Duhaney's claim. Duhaney fails to state a claim upon which relief may be granted, because this entity does not exist or have the capacity to be sued as contemplated by Fed. R. Civ. P. 17(b).

## IV. Recommendation

It is therefore **RECOMMENDED** that Octavia C. Duhaney's claims urged in the Second Amended Complaint against the defendants, Sheriff Marlin Gusman, the Board of Commissioners - Orleans Parish, and the FDC-Houston be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of April, 2009.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

with a name similar to that of the defendant named by Duhaney is listed in the indices to the Louisiana Revised Statutes.